No. 47301.—Protest 935869–G of M. Pressner & Co. (New York).

Opinion by DALLINGER, J.   It was stipulated that the savings banks in question are chiefly used in the household for utilitarian purposes and that they are in chief value of base metal, not plated, similar to those the subject of Abstract 38680.   In accordance therewith they were held dutiable as household utensils at 40 percent under paragraph 339 as claimed.

BEFORE THE THIRD DIVISION, JUNE 10, 1942

No. 47302.—Protests 72409–K (B), etc., of P. H. Petry Co. et al. (New York).

Opinion by CLINE, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

No. 47303.—Petitions 6202–R, etc., of New York Merchandise Co., Inc. (New York).

Opinion by CLINE, J.   The petitions were dismissed.

No. 47304.—Petition 6268–R of M. Pressner & Co. (New York).

Opinion by EKWALL, J.   It appeared that an item of 10 percent, described on the invoice as a buying commission, was deducted and disallowed by the appraiser. The petitioner's import manager testified that she directed the customs brokers to make entry deducting this item of commission because she considered it a buying commission and therefore nondutiable; that the petitioning company herein had bought identical merchandise from other manufacturers under the same conditions with the same kind of a commission, but that this was the first transaction with this particular shipper; that it was the understanding that this merchandise was purchased from home workers in Czechoslovakia; and that she knows from her experience that they are purchased from home workers by the seller of the merchandise noted on the consular invoice.   An appeal to reappraisement was filed but was abandoned due to the fact that under present war conditions the importer had no hope of receiving the certified statements from abroad.   It was found from the record that the importer acted in good faith and that the proof established a lack of intention to defraud the revenue or deceive the appraiser. The petition was therefore granted.